2 December 2010.

Ms. Angela D. Caesar.
Clerk
United States District Court
District of Columbia.
333 Constitution Ave., N.W.
Washington, DC 2001

Let this
be filed
ESH 12/9/10

Re: Civil Action No. 10-1572 (E.S.H)

Dear Clerk;

Please find enclosed my ex parte communication to the court.
I am aware that ex parte communications are generally prohibited,
so this letter is to inform you that I have submitted such communication
in this manner as I am a prose inmate and the institution within
wich I am confined is now on lock down status. As such, I do
not have the wherewithal to provide the requisite copies and service.
Therefore, due to the attendant circumstances and my need to bring
matters to the court's attention, I would ask that you forward
my communication to the court, and to the government if deemed
necessary.

Thank you very much

Joaquin Mario Valencia Trujillo.

Judge Ellen S. Huvelle
United States District Court
District of Columbia
333 Constitution Ave., NW.
Washington, DC 2001

Re: Civil Action  10-1572

Dear Judge ;

The US. Treasury Dept., in concert with the U.S. Attorney's office, filed a response pleading in the above entitled action.

Therein, the responsive pleading claimed to have provided the Plaintiff with 638 pages under the F.O.I.A. on <u>24</u> November 2010. That representation was false, however, because that disclosure was <u>not</u> made until the 26th of November – after the date of the responsive pleading.

Moreover, on 02 December 2010, the Inmate Systems Management personel (ISM) arrived at the Plaintiff's cell and confiscated the 638 Documents "provided" by the Office of Foreign Assets Control. It was then communicated to the Plaintiff that the confiscation of the documents was done at the express request of the Office of Foreign Assets Control (OFAC).

Because the confiscation moots O.F.AC.'s responsive pleading and also represents bad faith efforts to mislead the Court and/or to frustrate due process, the Plaintiff requests the following:

1. The responsive pleading be stricken and default judgment entered to the extent of the relief requested via mandamus.

2. That O.F.A.C. be required to file with the court the <u>original</u> file provided to the the Plaintiff but later confiscated at the behest of O.F.A.C.

3. That O.F.A.C. be ordered to show cause for its instigating of the confiscation of legal documents disclosed pursuant to F.O.I.A. / P.A.

4. That the court immediately enter a protective order prohibiting the O.F.A.C. from altering, redactins or modifying the F.O.I.A. / P.A. response dated 26 November 2010. In particular, the file itself has been tabbed, highlighted, and notated and such has, therefore, become the Plaintiff's work product that will now give O.F.A.C. a strategical advantage over the Plaintiff. A protective order will preserve that product, and the court's retention of the file, as requested above, will minimize the impropriety that has occurred for the purpose of gaining a strategical advantage.

5. That the Court order O.F.A.C. not to copy the work product file and it be required to disclose or destroy any such copy under oath and certification.

In support of the instant request, the Plaintiff submits the facts represented herein are true and correct under the penalty of perjury, 28 U.S.C § 1746.

Respectfully submitted

Joaquin Mario Valencia Trujillo

Joaquin Mario Valencia Trujillo
Reg. No. 02440-748
Federal Correctional Complex
United States Penitentiary Coleman 2
Post Office Box 1034
Coleman, Fl 33521-1034