IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| JOAQUIN MARIO VALENCIA-TRUJILLO, ) | Civil No. 10-1572(ESH) |
| Plaintiff, ) | |
| ) | **MOTION TO COMPEL THE FILING** |
| v. | **OF COMPLIANCE AFFIDAVITS AND** |
| ) | **A VAUGHN INDEX ALONG WITH** |
| | **ANY DISPOSITIVE PLEADINGS** |
| UNITED STATES OF AMERICA, ) | |
| DEPARTMENT OF THE TREASURY, | |
| OFFICE OF FOREIGN ASSETS CONTROL, ) | **RECEIVED** |
| Defendants. ) | DEC 28 2010 |
| | Clerk, U.S. District and Bankruptcy Courts |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Comes now the Plaintiff, Joaquin Mario Valencia-Trujillo, pro se, and moves the Court for an Order compelling the Defendants to submit, along with any dispositive motion, affidavits of compliance and a <u>Vaughn</u> indexing.

STATEMENT OF RELEVANT FACTS

On 01 December 2008, the Plaintiff filed with the Office of Foreign Assets Control an enumerated request for the disclosure of specified records pursuant to the Freedom of Information Act (5 U.S.C. § 552) and the Privacy Act (5 U.S.C. § 552a). See Exhibit No. 1.

After several inquiries and an administrative appeal (that was ultimately denied by the Office of Foreign Assets Control as premature), the Plaintiff sought a writ of mandamus and

Received
Mail Room
DEC 28 2010
Angela D. Caesar, Clerk of Court
US District Court District of Columbia

judicial review pursuant to three separate statutory bases.[1] See Civil Doc. No. 1.

On 22 October 2010, the Defendants requested additional time to respond. See Civil Doc. No. 7 (noting that pursuant to 5 U.S.C. § 552(a)(4)(C) the Defendants had 30 days from service to respond). The request was granted on the same day.

On 24 November 2010, the Defendants submitted its Answer and, separately, a motion for a scheduling order. The Answer itself was a boiler-plate denial with the exception of the "fifth defense," which stated only that "Defendants have released all non-exempt records responsive to Plaintiff's FOIA request." The request for a scheduling order reiterated this same boiler-plate language but asked the Court to order the Plaintiff to respond within 30 days for the purpose of indicating whether the Plaintiff objects to the withholdings and/or for the purpose of stating why the Plaintiff believes his FOIA action is not moot. Id.

2

---

[1] Inadvertently, the Plaintiff failed to invoke this Court's jurisdiction pursuant to the provisions of the Privacy Act, 5 U.S.C. § 552a -which gives the District Court jurisdiction to hear disputes arising out of an agency's alleged failure to comply with the disclosure requirements set forth therein. Id. Proceeding pro se, the Plaintiff would ask the Court to liberally construe his original pleading to have advanced his request for review under this statutory provision. Moreover, the Plaintiff would submit that such a construction would not prejudice the Defendants or otherwise constitute unfair surprise as the Defendants have acknowledged that the mandamus action is best construed as a FOIA suit while alluding to the application of the provisions of the Privacy Act. See Civil Doc. No. 7, n.1.

On 29 November 2010, the Court granted in part and denied in part the government's request. The Order stated that no purpose would be served by delaying the filing of dispositive motions and ordered the Defendants, but not the Plaintiff, to submit their dispositive motions by 18 January 2011.

## LAW AND ARGUMENT

The litigation currently pending before the Court stems from the Office of Foreign assets Control's failure to comply with the Freedom of Information and Privacy Acts' disclosure requirements based upon the Plaintiff's 01 December 2008 enumerated request for specified classes of records. See Exhibit No. 1.

Pursuant to this Court's Order of 29 November 2010, the Court is slated to receive the Defendants' "dispositive" motions, which the Defendants have already suggested will be predicated upon its claimed FOIA/PA disclosure that renders moot the pending Court action. See Civil Doc. No. 11, *id*. Page 2.

Because the Defendants will be filing their dispositive motions with this Court, the Petitioner would submit that the swift administration of justice would be served by requiring the Defendants to prepare and submit a *Vuaghn* index and its compliance affidavits at that time so as to afford the Court a sufficient basis to determine that the government agency has faithfully complied with its search and disclosure

3

obligations.  See <u>Quinon v. FBI</u>, 86 F.3d 1222, 1232 (D.C. Cir. 1996) and <u>Vaughn v. Rosen</u>, 484 F.2d 820 (D.C. Cir. 1973). That is, because of its unique evidentiary configuration, the typical FOIA/PA case "distorts the traditional adversary nature of our legal system's form of dispute resolution." See <u>King v. U.S. Dep't of Justice</u>, 830 F.2d 210, 218 (D.C. Cir. 1987). Thus, when a party submits a FOIA/PA request, it faces an "asymmetrical distribution of knowledge" where the agency alone posses, reviews, discloses, and withholds the subject matter of the request. <u>Id</u>.  The agency would, therefore, have a nearly impregnable defensive position save for the fact that the statute places the burden on the agency to "sustain its action."  See, for example, 5 U.S.C. § 552(a)(4)(B); See also <u>Coastal Gas Corp. v. Dep't of Energy</u>, 617 F.2d 854, 861 (D.C. Cir. 1980).  This tenet of law can only gather strength at the summary judgment stages as, on such a dispositive motion, the burden will be on the Defendants to demonstrate they are entitled to relief and/or disposition.  Self-serving statements that they have complied with the statute will be insufficient for a court to conclude that all segregable non-exempt and responsive material has been released.  See <u>Stolt-Nielsen Transp. Group, Ltd. v. United States</u>, 534 F.3d 728, 735 (D.C. Cir. 2008).

Moreover, to prevail on what is expected to be a forthcoming summary judgment motion, the Defendants must "show beyond material doubt [] that it has conducted a search reasonably calculated to uncover all relevant documents." See

4

<u>Weisberg v. U.S. Dep't of Justice</u>, 705 F.2d 1344, 1351 (D.C. Cir. 1983).

In the case at bar, the Plaintiff has reviewed the documents previously disclosed by the Office of Foreign Assets Control. Based upon that review, the Plaintiff has executed an affidavit in support of the instant motion and has determined the following:[2]

1. That the Office of foreign Assets Control has not indicated that it has carried out a search for all of the enumerated and specified classes of records sought by the Plaintiff but, instead, has only responded to two of the enumerated classes of records sought. See Exhibit No. 1.

2. That the Office of Foreign Assets Control has issued records invoking exemptions in instances where it is impossible to determine, even at a level of generality, what has been exempted.

Under these circumstances, it is currently impossible for both the Plaintiff and the Court to determine beyond a material doubt that the Office of Foreign Assets Control has actually undertaken a review reasonably calculated to uncover the

5

---

[2] The affidavit currently presented to the Court is submitted as a preliminary basis for the compelled production of compliance affidavits and a <u>Vaughn</u> index. The affidavit does not, therefore, attempt to articulate all of the specific deficiencies alluded to. The Plaintiff will state such with specificity once the Defendants have filed their dispositive pleading.

materials requested and that it has properly exempted those materials withheld from exemption.  Indeed, because the agency alone posses knowledge of the precise content of documents withheld, the Plaintiff and the Court both must rely upon the agency's understanding of the material sought to be protected. King v. Dep't of Justice, 830 F.2d 210, 218 (D.C. Cir. 1987). We must, therefore, rely upon the Office of Foreign Assets Control's descriptions that must otherwise be contained within compliance affidavits and a Vaughn index.  Compelling the Defendants to provide such at the time of its dispositive motion would, therefore, expedite the resolution of this litigation because the Defendants' Answer and other indications demonstrate there is a preliminary need to further develop the record.

## CONCLUSION

Wherefore, the Plaintiff respectfully requests his motion be granted.

Dated this 20th day of December 2010.

_____
Joaquin Mario Valencia-Trujillo
Reg. No. 02440-748
Federal Correctional Complex
United States Penitentiary Coleman 2
Post Office Box 1034
Coleman, Florida 33521-1034

Plaintiff/Pro Se